# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00157-CV

**Norris J. DeVoll, Appellant**

**v.**

**Tzon-Sing Chen, a/k/a John Chen, a/k/a Tron Sing Chen,
and Chester Jianbou Shiu, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-12-004012, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Norris J. DeVoll, appearing pro se, appeals from a summary judgment in favor of the appellees, Tzon-Sing Chen and Chester Jianbou Shiu, on DeVoll's claim that they obtained certain real property as a result of a fraudulent transfer. *See* Tex. Bus. & Com. Code §§ 24.001-.013. Because we conclude that DeVoll cannot establish his status as a creditor under the Uniform Fraudulent Transfer Act, we will affirm the judgment of the trial court.

## BACKGROUND

In September 2000, Sharon Stedman, as executor of the estate of Betty Vallner, secured a judgment against Steven DePaz ("the Stedman judgment"). Soon after, the Stedman judgment was abstracted and indexed in the Travis County property records, and in April 2011, the unsatisfied judgment became dormant. *See* Tex. Civ. Prac. & Rem. Code § 34.001 ("If a writ of

execution is issued within 10 years after rendition of a judgment, but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant.").

DeVoll, claiming to have obtained rights in the Stedman judgment by virtue of an assignment, filed an application to revive the judgment by scire facias in March 2012. *See id*. § 31.006 ("A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant."). In response to the application, DePaz asserted that DeVoll's purported assignment was invalid and that, as a result, DeVoll lacked "a justiciable interest in either the judgment at issue or [the] litigation."

In May 2012, with his application to revive the Stedman judgment still pending, DeVoll filed a separate suit against DePaz, Chen, and Shiu, concerning a transfer of real property by DePaz. At the time of the transfer, the real property was encumbered by the Stedman judgment lien. *See* Tex. Prop. Code § 52.001 ("[A] first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this Chapter, if the judgment is not then dormant, constitutes a lien on and attached to any [non-exempt] real property . . . ."). According to DeVoll, on March 25, 2010, DePaz filed an affidavit of identity in the property records in which he falsely stated that he was not the same "DePaz" identified in the abstracted Stedman judgment and then, that same day, executed a deed transferring the real property to Chen and Shiu. Among other claims, DeVoll sought relief under the Uniform Fraudulent Transfer Act.[1] *See* Tex. Bus. & Com. Code §§ 24.005-.008.

---

[1] Though DeVoll asserted numerous theories of liability against DePaz, including common-law fraud and statutory fraud, the only potential cause of action against Chen and Shiu, as transferees, is under the Uniform Fraudulent Transfer Act. *See* Tex. Bus. & Com. Code § 24.009(b) (providing that judgment for value of asset transferred, or the amount necessary to satisfy claim, whichever is less, may be entered against certain transferees).

In July 2012, the trial court denied DeVoll's application to revive the Stedman judgment. In doing so, the trial court expressly found that "[DeVoll] does not have an enforceable, justiciable interest in the judgment." Based on this ruling, Chen and Shiu filed a combined traditional motion and no-evidence motion for summary judgment on DeVoll's pending fraudulent-transfer claim against them. Among other grounds, Chen and Shiu argued that DeVoll was collaterally estopped from denying that he had "no enforceable, justiciable interest in the [Stedman] judgment" and that, as a result, DeVoll lacked standing to bring a fraudulent-transfer suit against them. The trial court subsequently granted Chen and Shiu's motion for summary judgment without stating the basis for its ruling.[2] This appeal followed.

DeVoll raises what are, in effect, two issues on appeal. First, DeVoll asserts that the trial court erred in granting summary judgment in favor of Chen and Shiu on any of the grounds presented by Chen and Shiu in their motion for summary judgment. Second, DeVoll asserts that the trial court erred in failing to rule on several evidentiary objections filed by DeVoll prior to the summary-judgment hearing.

**STANDARD OF REVIEW**

When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds advanced by the movant are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When a party moves for both traditional and no-

---

[2] The original lawsuit against DePaz, Chen, and Shiu was assigned cause number D-1-GN-11-003404 in the trial court. Following the trial court's grant of summary judgment, and on Chen and Shiu's motion, the court severed DeVoll's claims against Chen and Shiu into the instant suit.

3

evidence summary judgment, we ordinarily review the no-evidence grounds first. *Id.* However, because it is dispositive in this case, we will review the propriety of the trial court's grant of traditional summary judgment first. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied).

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper when the evidence shows that there are no genuine disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). To obtain traditional summary judgment on an opposing party's claims, the movant must conclusively negate at least one element of each of the claims or conclusively establish each element of an affirmative defense. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). When reviewing a grant of summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence*, 164 S.W.3d at 661.

**ANALYSIS**

The purpose of the Uniform Fraudulent Transfer Act (UFTA) is to prevent debtors from defrauding creditors by transferring assets beyond their reach. *Mlandenka v. Mlandenka*, 130 S.W.3d 397, 404 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The Act creates a statutory cause of action through which a creditor may seek recourse for a fraudulent transfer. *See Arriaga v. Cartmill*, 407 S.W.3d 927, 932 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A creditor who prevails on a claim under the Act may obtain, among other remedies, avoidance of the transfer. Tex. Bus. & Com. Code § 24.008.

UFTA provides that a transfer of an asset is fraudulent, as to a creditor, if the debtor made the transfer with the actual intent to hinder, delay, or defraud any of the debtor's creditors. *Id*. § 24.005(a)(1). To be entitled to recovery under the Act, a plaintiff must establish that he is a "creditor." Under the Act, a "creditor" is "any person who has a claim." *Id*. § 24.002(4). "Claim" is broadly defined as "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured." *Id*. § 24.002(3).

In their traditional motion for summary judgment, Chen and Shiu assert that DeVoll cannot, as a matter of law, establish his "creditor" status under the Act. *Id*. § 24.002(4). Chen and Shiu argue that DeVoll's claims "are based entirely upon the same judgment which [is] the substance of the Order Denying Application to Revive Judgment by Scire Facias" and that the trial court "has already ruled that [DeVoll] has no enforceable, justiciable interest" in the Stedman judgment. Based on the doctrine of collateral estoppel, Chen and Shiu reason that DeVoll cannot establish that he is a "creditor."

Collateral estoppel, or issue preclusion, bars the relitigation of identical issues of fact or law decided in a prior suit. *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). The doctrine is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and

(3) the party against whom the doctrine is asserted was a party or was in privity with a party in the first action. *Id.*

Upon review of the record, we conclude that DeVoll is collaterally estopped from asserting any rights in the Stedman judgment. The issue of DeVoll's rights in the Stedman judgment was raised in the pleadings on DeVoll's application to revive the judgment, fully litigated, and decided by the trial court in denying DeVoll's application. In its order denying DeVoll's application, the trial court expressly found that DeVoll had no rights in the judgment, and this finding was essential to the court's ruling. Finally, there can be no dispute that DeVoll was a party in the first action, and therefore the requirement of privity is satisfied.[3]

Because the Stedman judgment is the sole basis for DeVoll's claim as a "creditor," and he is now collaterally estopped from claiming that he has an enforceable interest in that judgment, he cannot prevail, as a matter of law, on his claims of fraudulent transfer. The trial court did not err in granting summary judgment in favor of Chen and Shiu on DeVoll's claims on this ground, and consequently, we overrule DeVoll's first issue on appeal.

---

[3] Although it has been judicially determined that DeVoll has no enforceable rights in the Stedman judgment, DeVoll contends that collateral estoppel should not apply to bar his fraudulent-transfer claims against Chen and Shiu. According to DeVoll, (1) he was assigned the causes of action related to DePaz's transfer to Chen and Shiu separate and apart from the assignment of rights in the Stedman judgment, and (2) the validity of the assignment of the causes of action was not at issue in the proceedings that sought to revive the Stedman judgment. In other words, without citing any supporting authority, DeVoll asserts that the causes of action related to DePaz's transfer are wholly separate from any rights in the Stedman judgment and that these causes of action were the subject of a separate assignment, the validity of which has not been litigated. We disagree with DeVoll's suggestion that the right to obtain relief when a debtor unlawfully attempts to avoid enforcement of a judgment can be assigned separately from a judgment creditor's general right to enforce a judgment. In the absence of any enforceable rights in the Stedman judgment, DeVoll cannot establish that he is a judgment creditor of DePaz.

6

In his second issue on appeal, DeVoll complains that the trial court failed to rule on his written objections to portions of and attachments to the affidavit of Andrew Howell, which were submitted by Chen and Shiu in support of their combined traditional and no-evidence motion for summary judgment. In part, DeVoll objected to the consideration of the parties' pleadings from the proceedings on DeVoll's application to revive the Stedman judgment and to the trial court's order denying the same. DeVoll argued that the court documents were irrelevant to the issues presented in the case at hand. *See* Tex. R. Evid. 401, 402 (relevant evidence is generally admissible; irrelevant evidence is inadmissible).

Based on the record before us, which does not include a reporter's record from the summary-judgment hearing, we will not assume that the trial court failed to rule, either expressly or implicitly, on DeVoll's objections. *See* Tex. R. App. P. 33.1(a)(1). However, even assuming that the trial court was made aware of DeVoll's objections and refused to rule on them, as DeVoll contends, nothing in the record indicates that DeVoll objected to the trial court's refusal to make a ruling. *See id*. 33.1(a)(2)(B). Accordingly, DeVoll has failed to preserve error on this issue. *See id*. DeVoll's second issue on appeal is overruled.

## CONCLUSION

Having concluded that the trial court did not err in granting Chen and Shiu's motion for summary judgment, we affirm the judgment of the trial court.

7

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   December 18, 2014